IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-00039-RPM

S. R., by his parent and next of friend, ASCENCION RIVERA,

    Plaintiff,
v.

SCHOOL DISTRICT NO. 1, DENVER COLORADO,
LINDA TORRES,
SANDY BACA-SANDOVAL, and
MICHAEL BENNETT,

    Defendants.
_____

MEMORANDUM OPINION AND ORDER
_____

    Seeking damages under 41 U.S.C. § 1983, Salvador Rivera claims that School District No. 1, Denver, Colorado, ("the School District") and the individual defendants employed by the District are liable for the injuries inflicted by Shaun Ellis in the course of his work at the Neighborhood Center ("Center") on the campus of Horace Mann Middle School on January 11, 2006. The defendants moved for summary judgment of dismissal. There has been full discovery. Excluding inadmissible hearsay statements and considering the proposed evidentiary record in the light most favorable to the plaintiff, there is support for the following statement of facts as of the 2005-2006 school year.

    The Center is a School District Enrichment Program providing services for non-curricular activities for students and community members. Its operating funds come from grants to the School District. Non-licensed employees of the Center are classified employees of the School District as the governing authority. A middle school provides educational services at the seventh and eighth grade levels. Salvador Rivera was an eighth grader.

One of the Center's programs was Teen Court, an adjunct to the student disciplinary policy whereby student offenders admitting to minor misconduct may have their "sentences" determined by a "jury" of their peers in a process approximating a court appearance. The paid staff for the Teen Court consisted of an "Advisor," responsible for supervision of the cases, giving information to the peer panel members and keeping records of the cases and outcome with a "Bailiff" keeping order in the proceedings. (Ex. A-4). The advisor's job description under the title, Teen Court Coordinator, calls for supervision of all youth activities pertaining to Teen Court for seven hours per week with two hours of Teen Court, two hours with Teen Court Staff and three hours of preparation. (Ex. A-3).

Sandy Baca-Sandoval was the Director of the Center, responsible for the hiring and supervision of employees of the Center. Shaun Ellis, age 24, attended a community meeting at the Center in June, 2005, met Ms. Baca-Sandoval and expressed his interest in employment there. There were no job openings. In August, 2005, the position of Teen Court Coordinator came open and Ms. Baca-Sandoval asked Mr. Ellis to come in for an interview. After a follow up interview a few days later, he was hired, subject to a criminal background check required by District policy. After no criminal record was found, Mr. Ellis began work in September, 2005. Lucy Aguilera, a School District Safety and Security Officer assigned to Horace Mann worked with him as the bailiff.

Finding Mr. Ellis to be a good employee Ms. Baca-Sandoval assigned him additional duties in the School Store, doing data entry and conducting Tech Know Classes after school hours.

On January 10, 2006, Mr. Ellis saw the plaintiff trip a girl at a basketball game. That type of conduct could come before the Teen Court.

On the following day, Mr. Ellis took Salvador Sandoval out of class, with approval of the

2

teacher, and directed the student to sit beside him in the school's auditorium. While there is some confusion as to the details of what happened, there is no dispute that Mr. Ellis, using a device called a "stun pen," delivered an electric shock to Salvador Sandoval and physically assaulted him in a manner that the defendants concede may have been a violation of the student's constitutionally protected right to liberty and bodily integrity as described in *Garcia v. Miera,* 817 F.2d 650 (10th Cir. 1987). The plaintiff voluntarily dismissed Shaun Ellis as a defendant in this case. The issues presented are whether any of the remaining defendants can be held responsible for his conduct.

The plaintiff asserts that there was enough information available to those responsible for his employment, training and supervision to support a finding that he was a known risk to the safety of the children exposed to him involuntarily by their compelled school attendance. Accordingly, they may be held accountable for the plaintiff's injury because they personally violated the substantive due process clause of the Constitution by their deliberate indifference to that risk or by creating the danger to him.

The primary focus of these claims is on the defendant Ms. Baca-Sandoval. It can be said that she recruited Shaun Ellis for the position of Teen Court Coordinator knowing that he had been diagnosed with an illness that made him emotionally unstable and prone to poor judgment choices. The sensitivity of the position is obvious from the job description. Seventh and eighth grade school attendees have similar characteristics. Placing Mr. Ellis in the role of an adult authority figure responsible for compliance with disciplinary sanctions could be characterized as reckless.

Ms. Baca-Sandoval had three occasions to reconsider her decision to entrust Mr. Ellis with operation of the Teen Court programs. A high school student, working as a custodian sweeping the gymnasium, reported to her supervisor that she felt that Mr. Ellis had been stalking her. Ms. Baca-Sandoval learned of this allegation and did nothing more than talk with

Mr. Ellis about it.

Prior to the assault on the plaintiff Mr. Ellis had placed the stun pen device in his open mailbox in the office where it was seen by his direct supervisor, Rose Barcklow, and Ms. Baca-Sandoval. Their comments, heard by Ms. Ellis, would support a finding that they knew what it was and how it could be used.

On two occasions Mr. Ellis told Ms. Baca-Sandoval that he felt threatened by the students and wanted to quit his job. She urged him to continue to work with the students because they needed him. She made no effort to make further inquiry into the reasons for these expressed fears and did nothing to contact Shaun's father or any health care provider to determine whether this employee was compliant with his medications.

That is enough evidentiary support for a jury to determine that Sandy Baca-Sandoval was deliberately indifferent to the risks presented by Shaun Ellis in his role as Teen Court Coordinator and that the injury to Salvador Rivera on January 11, 2006, was a foreseeable result.

She has raised the affirmative defense of qualified immunity. That requires the plaintiff to show that this defendant's conduct was in violation of clearly established federal law of which a reasonable person in her position would have been aware. The plaintiff has failed to present any controlling precedent from the Supreme Court or the Tenth Circuit Court of Appeals. The opinions that have been cited are not sufficiently close factually to meet this standard. Accordingly, the claims against Ms. Baca-Sandoval, personally, must be dismissed.

There is no evidentiary support shown to establish individual liability of the defendants Linda Torres and Michael Bennett.

The claim against the defendant School District depends upon a determination that the employment of Mr. Ellis in the position enabling him to violate the constitutional protections afforded the plaintiff as a student in Horace Mann Middle School was pursuant to an established

policy or practice.  The School District seeks to avoid that result by asserting that this injury was an unauthorized single instance of misconduct by a non-policy making employee.  That absolves it of liability for the conduct of Shaun Ellis.  It does not affect the plaintiff's contentions that the relevant policy is the delegated authority to Sandra Baca-Sandoval to manage the Neighborhood Center at Horace Mann Middle School.  There is enough evidence to support a jury finding that she had final policy making authority to employ, train and supervise Shaun Ellis in the Teen Court Coordinator position.  That would make the School District liable for her conduct.

Upon the foregoing, it is

ORDERED, that the defendants' motion for summary judgment is denied as to the defendant School District No. 1, Denver, Colorado, and granted as to the individual defendants Linda Torres, Sandy Baca-Sandoval and Michael Bennett.

DATED:   March 26th, 2010

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge